**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Feb 27 2014, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRAD S. BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A02-1306-CR-485 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable Kenton W. Kiracofe, Judge
Cause No. 90C01-1205-FD-34

**February 27, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHEPARD, Senior Judge**

Brad S. Brown entered the house of his mother-in-law without permission. Once inside, he confronted his estranged wife and demanded to see her cell phone. When she refused, Brown attacked her, took the phone, and left.

Brown now appeals his convictions for domestic battery and two counts of robbery. We reverse one of the robbery convictions, but otherwise affirm.

FACTS AND PROCEDURAL HISTORY

In early 2012, Brown and his wife Taija Tuttle were experiencing marital difficulties.[1] As a result, Tuttle and her twelve-year-old son C.T. (who was Brown's stepson) moved in with her mother Rebecca Foreman. In February 2012, Foreman told Brown during a telephone call that he was not welcome at her house.

On April 30, 2012, Tuttle and C.T. were at Foreman's house. C.T. saw Brown come in through the back door and go up the stairs. Tuttle was coming down the stairs and met Brown on a landing. He told her to give him her cell phone, which Foreman had purchased for her daughter the previous week. Tuttle refused, and Brown shoved her into a wall with both hands. Next, he hit her on her head, and she fell down. Tuttle shouted for C.T. to call 911 as Brown pinned her down. She bit him on the chest, and he let her go. They both stood up, and Brown again demanded the phone. When Tuttle refused, Brown reached into her pocket and took it. He then ran down the stairs.

---

[1] Tuttle's last name was Brown at the time of the incident in question, but she had divorced Brown by the time he went to trial.

C.T., who had remained downstairs, heard Brown tell Tuttle to give him her phone. Next, he heard a "thud" coming from the stairs, and then his mother yelled for him to call 911. C.T. called 911, and he saw Brown come down the stairs and leave the house.

The State charged Brown with multiple counts. The jury found him guilty of domestic battery, a class D felony, and two counts of robbery, one as a C felony and one as a B. It found him not guilty of theft and residential entry. The court sentenced Brown to twelve years on the B robbery and ran the other, shorter sentences concurrent to it. This appeal followed.

## ISSUES

I.      Whether the evidence is sufficient to sustain Brown's conviction for domestic battery,

II.     Whether the trial court abused its discretion in sentencing Brown, and

III.    Whether Brown's convictions for robbery violate double jeopardy.

## DISCUSSION AND DECISION

### I. SUFFICIENCY OF THE EVIDENCE – DOMESTIC BATTERY

When reviewing a challenge to the sufficiency of the evidence underlying a criminal conviction, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133 (Ind. 2012). The evidence and all reasonable inferences drawn from it are viewed in a light most favorable to the verdict. *Id.* We affirm if there is substantial evidence of probative value supporting each element of the

crime from which a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Id.*

To convict Brown of domestic battery as a class D felony, the State needed to prove beyond a reasonable doubt that he (1) knowingly or intentionally (2) touched his spouse (3) in a rude, insolent, or angry manner (4) resulting in bodily injury to his spouse (5) in the physical presence of a child less than sixteen (16) years of age, (6) knowing the child was present and might be able to see or hear the offense. Ind. Code § 35-42-2-1.3 (2012).

Brown argues that the State failed to prove that he battered Tuttle in C.T.'s physical presence, inasmuch as C.T. was downstairs during the attack. This Court has concluded that the statute is violated so long as a child is close enough to the physical space in which the battery occurred to hear or see it. As a panel of this Court recently said, "[T]he critical question in determining whether a child is 'present' for purposes of the statute is whether a reasonable person would conclude that the child might see or hear the offense; not whether the child is in the same room as where the offense is taking place." *Manuel v. State*, 971 N.E.2d 1262, 1270 (Ind. Ct. App. 2012).

In this case, there is no dispute that C.T., who was quite close by, heard Brown ask Tuttle for the phone, then heard a thud and his mother yelling for him to call 911. A jury could conclude beyond a reasonable doubt that Brown battered Tuttle in C.T.'s presence.

## II. SENTENCING

Subject to the review and revise authority provided by Indiana Appellate Rule 7(B), sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Kimbrough v. State*, 979 N.E.2d 625 (Ind. 2012). A trial court abuses its discretion when it: (1) fails to enter a sentencing statement; (2) enters a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons; (3) omits reasons that are clearly supported by the record and advanced for consideration; or (4) gives reasons in the sentencing statement that are improper as a matter of law. *Id.*

In this case, the trial court cited as an aggravating factor that "this is a crime of violence as defined by Indiana Code 35-50-1-2 and it was committed in the presence of an individual who is less than 18 years of age." Tr. p. 286. The trial court later noted, "This crime again did occur in the presence of a minor child as I stated earlier." *Id.*

Brown says the presence of a minor child is an inappropriate aggravating factor because it is an element of the offense of domestic battery and thus may not be used to enhance his sentence. He cites *Townsend v. State*, 498 N.E.2d 1198, 1201 (Ind. 1986), for the proposition that an element of a crime may not be used to enhance a sentence without reference to the particularized circumstances of the case.

We think it doubtful that *Townsend* and similar cases remain good law under the sentencing scheme Indiana adopted in 2005. *See Pedraza v. State*, 887 N.E.2d 77, 80-81

5

(Ind. 2008) (a conviction that is an element of a given crime may also be an aggravating circumstance supporting a higher sentence for that crime).

Whether that is true or not, the presence of a child is not an element of the class B robbery, for which Brown received twelve years. Therefore, even under earlier caselaw like *Townsend*, a trial court would not abuse its discretion in mentioning this factor in deciding what sentence to impose for robbery.

## III. DOUBLE JEOPARDY

Brown argues that his conviction for robbery as a class C felony violates double jeopardy principles because it was a lesser included offense of his conviction for class B felony robbery. The State appropriately concedes this point. We therefore reverse Brown's conviction for class C felony robbery and remand to the trial court with instructions to vacate that conviction.

## CONCLUSION

We affirm the judgment of the trial court in part, reverse it in part, and remand. Affirmed in part, reversed in part, and remanded.

RILEY, J., and BROWN, J., concur.