ATTORNEY FOR APPELLANT
P. Jeffrey Schlesinger
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Gary R. Rom
Deputy Attorney General
Indianapolis, Indiana

FILED

Dec 19 2012, 10:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 45S04-1212-CR-687

JOHN KIMBROUGH, III,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Lake Superior Court, No. 45G04-1011-FA-48
The Honorable Kathleen Sullivan, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 45A04-1106-CR-328

**December 19, 2012**

**Rucker, Justice.**

Defendant John W. Kimbrough was convicted of multiple counts of child molesting and sentenced to an aggregate term of eighty years. Concluding the trial court abused its sentencing discretion the Court of Appeals remanded this cause with instructions to impose an aggregate term of forty years. We grant transfer and affirm the judgment of the trial court.

**Facts and Procedural History**

The facts most favorable to the verdicts follow. Mother and Kimbrough began dating in January 2009. Later that summer, Mother introduced Kimbrough to her children, including her daughters, J.L. born January 2003 and A.D. born July 2004. The couple and children began to function as a family, even staying at hotels together to allow the children to swim in the hotel pools. Kimbrough often drove the girls to school and helped with their homework. In the spring of 2010, the relationship ended. Nonetheless Mother continued to allow Kimbrough to take the children to school because they loved Kimbrough and Mother trusted him.

The evidence showed that in October 2010, Mother observed that J.L. "seemed as if she was hiding something" or "as if she was scared." Tr. at 105. A.D. reluctantly told Mother that her vagina hurt and the girls eventually stated that Kimbrough had touched them both inappropriately. On October 30, 2010, law enforcement was contacted. That same day, both girls were taken to the emergency room of the local hospital where a physician—Dr. Kathryn Watts—examined each child. Later that same evening Kimbrough was arrested. On November 5, 2010, the State charged Kimbrough with four counts of child molesting as Class A felonies and two counts of child molesting as Class C felonies.

A jury trial began on May 5, 2011, during which both A.D. and J.L. testified regarding specific encounters with Kimbrough. A.D. testified that she had a front and a back private part and said that she called her private part a "cootie cat" but she didn't have a name for Kimbrough's private part. Tr. at 178. A.D. testified that while they stayed at the hotels Kimbrough stuck his private part in her front cootie cat and her backside and he would lick her cootie cat. She later detailed that Kimbrough put his private part in her cootie cat while they were present in the basement of Kimbrough's home. A.D. said that when Kimbrough touched

2

her, she told Kimbrough to stop and he responded, "No." Tr. at 204. A.D. also testified that her sister was always with her when these acts occurred and that she saw Kimbrough stick his private part into her sister's cootie cat as well.

J.L. testified that Kimbrough touched her in her private part and in the back with his private part more than once. She also said that he put his finger in her private part and he put his private part in her private part. She identified the female pubic area from sketches as the female private part and identified a drawing that she made, which she characterized as a picture of Kimbrough's private part. J.L. testified that these touchings occurred at the hotel and in the basement of Kimbrough's home.

Dr. Watts also testified at trial noting that during her examination of the two girls she found a small break in J.L.'s hymen, which may have resulted from sexual assault. Dr. Watts further explained that she had discovered redness around A.D.'s vaginal openings and approximately a one-centimeter tear in A.D.'s hymen. Dr. Watts explained that such tears are not unusual but these types of openings may result from sexual abuse. Dr. Watts also stated that penetration may cause redness around the vaginal openings. In addition, Dr. Watts testified as to the composition of the female sex organ. According to Dr. Watts:

> [t]he female sex organ is many parts that we would consider. Goes all the way from the outer labia. In the vaginal lips is what . . . people would call them in the lay terms all the way up into the uterus. So the vaginal vault, the clitoris. It is all that area, outside and internal.

Tr. at 310. She also testified that "[t]he female organs make up the entire female genitalia." Tr. at 310.

During final instructions the trial court advised the jury: "'[f]emale sex organ' includes any part of the female sex organ, including the vaginal vault, labia and[/]or the external genitalia." App. at 72. At the conclusion of a four-day trial, the jury found Kimbrough guilty as charged on all counts. Apparently due to double jeopardy concerns the trial court merged the Class C felonies into the Class A felonies and entered judgments of conviction on the Class A

3

felonies only. Running some of the sentences concurrently and others consecutively, the trial court sentenced Kimbrough to an aggregate term of eighty years. Kimbrough appealed raising the following rephrased issues: (1) was the evidence sufficient to sustain the convictions, (2) did the trial court err in instructing the jury on the definition of female sex organ, and (3) did the trial court abuse its discretion in sentencing Kimbrough.

In an unpublished memorandum decision, the Court of Appeals affirmed Kimbrough's convictions. However, a divided panel concluded the trial court abused its discretion in sentencing Kimbrough and remanded this cause to the trial court with instructions to impose an aggregate term of forty years. See Kimbrough v. State, No. 45A04-1106-CR-328, slip op. at 10-11 (Ind. Ct. App. March 21, 2012). We grant transfer thereby vacating the decision of the Court of Appeals. See Appellate Rule 58(A). We address Kimbrough's sentencing claim and summarily affirm that portion of the Court of Appeals' decision concerning Kimbrough's remaining claims. Additional facts are set forth below as necessary.

## Discussion

In Anglemyer v. State this Court emphasized that subject to the review and revise authority afforded by Indiana Appellate Rule 7(B) "sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." 868 N.E.2d 482, 490 (Ind. 2007), (citation omitted), clarified on other grounds on reh'g 875 N.E.2d 218. The Court gave a few examples for ways in which a trial court may abuse its discretion: (1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law. Anglemyer, 868 N.E.2d at 490-91. We noted, however, that because of the then new statutory scheme "the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence" and thus "a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors." Id. at 491. The Court continued, "this is so because once the trial court has entered a sentencing statement, which may or may not

4

include the existence of aggravating and mitigating factors, it may then 'impose any sentence that is . . . authorized by statute; and . . . permissible under the Constitution of the State of Indiana.'" Id. at 491 (quoting I.C. § 35-38-1-7.1(d)).

In this case, on appeal Kimbrough argued the trial court abused its discretion in sentencing him because (1) the trial court considered the age of the victims even though an element of the offense was that the victims were under the age of fourteen, and (2) the trial court considered that the offenses were committed on multiple occasions. On this latter point Kimbrough contends there was no evidence to support this factor. Citing his lack of criminal history Kimbrough requested that the reviewing court "recognize that his mitigating circumstances outweighed aggravating ones and remand with instructions to enter a lesser sentence." Br. of Appellant at 14.

Addressing Kimbrough's sentencing claim the Court of Appeals correctly noted that even where the age of the victim is an element of the offense, the very young age of a child can support an enhanced sentence as a particularized circumstance of the crime. See Buchanan v. State, 767 N.E.2d 967, 971 (Ind. 2002) (finding it proper for a trial court to rely upon the age of a victim of child molesting when the trial court noted that victim was of particularly "tender years"). Here the trial court noted the victims were approximately five and seven years of age when the molestations first began to occur. The Court of Appeals also correctly pointed out that the evidence supported the conclusion that the molestations occurred over a nearly two-year period between January 2009 and October 2010. In sum the Court of Appeals correctly concluded that the trial court did not abuse its discretion in the finding of aggravating factors. Thus, in Anglemyer terms, the trial court entered a reasonably detailed sentencing statement that explained the trial court's reasons for imposing the sentence and the record supported those reasons. See Anglemyer 868 N.E.2d at 490. However, asserting a "duty . . . to 'correct sentencing errors, *sua sponte*, if necessary,'" Kimbrough, No. 45A04-1106-CR-328, slip op. at 10 (quoting Comer v. State, 839 N.E.2d 721, 726 (Ind. Ct. App. 2005) (noting trial court abused its sentencing discretion by relying on an aggravating factor not supported by the record)), and observing that lack of criminal history is a substantial mitigating factor, the Court of Appeals majority determined that the trial court abused its discretion by imposing an eighty-year

sentence. Although declaring that it was "[f]ocusing on the appropriateness of the sentence and not the weight given to individual aggravating or mitigating factors," Kimbrough, No. 45A04-1106-CR-328, slip op. at 10, the majority nonetheless concluded "the existence of this substantial mitigating factor" justified a forty-year aggregate sentence and remanded this cause to the trial court "to enter an order imposing the sentence outlined above." Id.

We disagree with our colleagues for several reasons. First, it is certainly true that a trial court may abuse its discretion where the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration. See Anglemyer, 868 N.E.2d at 490-91. But in this case the trial court's sentencing statement did not omit consideration of Kimbrough's lack of a criminal history. Instead the statement specifically noted as a mitigating factor that Kimbrough "has no history of delinquency or criminal activity." App. at 94. Thus, even assuming without deciding that in this post-Anglemyer era appellate courts have a "duty . . . to correct sentencing errors, *sua sponte,*" Comer, 839 N.E. 2d at 726, we fail to see how the sentence here was erroneous on grounds that the trial court omitted a reason supported by the record. Second, by describing Kimbrough's lack of criminal history as a "substantial mitigating factor," and remanding this case with instructions to impose a reduced sentence, the Court of Appeals majority implicitly suggested the trial court should have given greater weight to this factor. But Anglemyer makes clear that when imposing a sentence a trial court "no longer has any obligation to 'weigh' aggravating and mitigating factors against each other" and thus "a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors." Anglemyer, 868 N.E.2d at 491. Here, the trial court did in fact weigh aggravating and mitigating factors giving more weight to three aggravators than the sole mitigator. And the trial court cannot be said to have abused its discretion in so doing. See id. Thus on this ground the trial court also did not abuse its discretion in imposing Kimbrough's sentence.

This brings us to the Court of Appeals' declaration that it was "focusing on the appropriateness of the sentence." Although not cited by the majority, this language implicates Indiana Appellate Rule (7)(B) which provides "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Even

6

though a trial court may have acted within its lawful discretion in determining a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[ ] independent appellate review and revision of a sentence imposed by the trial court." Buchanan, 767 N.E.2d at 972. This appellate authority is implemented through Rule (7)(B). First, we agree with Judge Mathias who in dissent noted "a request for sentence revision under Appellate Rule (7)(B) is not truly a claim of sentencing error. Rather, it is a request for [the] court to exercise its constitutional authority to revise a lawfully entered sentence." Kimbrough, No. 45A04-1106-CR-328, slip op. at 14 n.3 (citation omitted). Further, and importantly, in his brief before the Court of Appeals Kimbrough did not seek sentencing revision, did not cite to or rely upon Appellate Rule (7)(B) and thus said nothing about the nature of the offenses or his character. As we have declared "a defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). Here Kimbrough made no attempt to do so. "When a defendant *requests* appellate review and revision of a criminal sentence pursuant to authority derived from Article 7, Sections 4 or 6 of the Indiana Constitution . . . the reviewing court is presented with the issue of whether to affirm, reduce, or increase the sentence." McCullough v. State, 900 N.E.2d 745, 750 (Ind. 2009) (emphasis added). Kimbrough made no such request and therefore there was no issue in this regard to be considered by a reviewing court.

In summary, because the trial court correctly entered its sentencing statement in compliance with the dictates of Anglemyer and because the "appropriateness" of a sentence has no bearing on whether a sentence is erroneous, the trial court did not abuse its discretion in imposing Kimbrough's sentence. Further, Kimbrough did not seek review and revision of his sentence under Indiana Appellate Rule (7)(B).[1]

---

[1] We note in passing that in his dissent Judge Mathias also observed that Kimbrough advanced no argument under Appellate Rule 7(B) and thus he would not have reached the issue of the appropriateness of Kimbrough's sentence. Nonetheless, Judge Mathias undertook a thorough analysis of the nature of Kimbrough's offenses and his character and concluded that Kimbrough's sentence was not inappropriate. See Kimbrough, No. 45A04-1106-CR-328, slip op. at 13, 15-17.

**Conclusion**

We affirm the judgment of the trial court.

Dickson, C.J., and David, Massa and Rush, JJ., concur.