**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 05 2014, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LAURA M. TAYLOR**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOSHUA DEVINE,                              )
                                            )
    Appellant-Defendant,                  )
                                            )
      vs.                              )        No. 49A05-1312-CR-604
                                            )
STATE OF INDIANA,                           )
                                            )
    Appellee-Plaintiff.                   )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Sheila A. Carlisle, Judge
The Honorable Stanley E. Kroh, Commissioner
Cause No. 49G03-1210-FB-73724

**August 5, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Joshua Devine appeals the sixteen-year sentence the trial court imposed upon his conviction of Class B felony attempted robbery. We affirm.

## ISSUE

Devine raises one issue, which we restate as: whether the trial court abused its discretion in sentencing him.

## FACTS AND PROCEDURAL HISTORY

On October 16, 2012, Ernest Jones drove his truck to a convenience store in Indianapolis. He saw Devine, who he knew as "Spider." Tr. p. 22. Devine was with another person. Devine asked Jones for a ride, and he agreed. Jones got behind the wheel of his truck, and Devine sat next to him. Devine's companion sat closest to the passenger door.

Jones stopped the truck at a location chosen by Devine, and Devine's companion got out. Next, Devine suddenly turned toward Jones and grabbed him in a choke hold. As the two struggled, Devine took out a knife or box cutter and sliced Jones's neck. Devine also tried to grab Jones's truck key and cell phone. Jones unbuckled his seat belt, and at that point Devine got out of the truck and ran away with his companion.

The State charged Devine with two counts of Class B felony attempted robbery and one count of Class C felony battery. Devine waived his right to a jury trial. The trial court, after hearing evidence, determined that he was guilty as charged.

At sentencing, the court vacated one of the attempted robbery convictions and the battery conviction, citing double jeopardy concerns. The court determined that Devine's

2

criminal record and the nature of Jones's injuries were aggravating factors. The court also stated that Devine's relatively young age (twenty-six) and mental illness were mitigating factors. Considering those factors, the court sentenced him to sixteen years on the remaining conviction for attempted robbery. This appeal followed.

## DISCUSSION AND DECISION

Sentencing decisions are reviewed for an abuse of discretion. *Bethea v. State*, 983 N.E.2d 1134, 1139 (Ind. 2013). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* A sentencing court may abuse its discretion by: (1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) omitting reasons that are clearly supported by the record and advanced for consideration, or (4) stating reasons that are improper as a matter of law. *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012).

Devine argues the sentencing court omitted mitigating factors that were advanced at sentencing and are clearly supported by the record.[1] A court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Harman v. State*, 4 N.E.3d 209, 218 (Ind. Ct. App. 2014), *trans. denied*.

Devine claims he showed remorse at the sentencing hearing, and the trial court should have determined that his remorse was a mitigating circumstance. At sentencing, Devine stated, "I apologize to more than just the Court for, you know, everything that's

---

[1] Devine frames the issue on appeal as whether his sentence is "inappropriate," Appellant's Br. p. 3, but his arguments and citations to authority address only whether the sentencing court abused its discretion. We conclude that Devine is not questioning the appropriateness of his sentence under Indiana Appellate Rule 7(B).

going on." Tr. p. 102. The trial court observed Devine's demeanor and was therefore in a better position to evaluate the sincerity of his generalized apology. *Barker v. State*, 994 N.E.2d 306, 312 (Ind. Ct. App. 2013), *trans. denied*. In addition, the trial court further noted, referring to Devine's apparent remorse, that Devine had accrued a number of misconduct reports in jail after his arrest. The court thus considered his apology and declined to find it to be a mitigating factor. We find no abuse of discretion.

Next, Devine asserts that the trial court should have determined that the abuse he suffered as a child was a mitigating factor. Evidence of a difficult childhood is entitled to little, if any, mitigating weight. *Bethea*, 983 N.E.2d at 1141. Devine was twenty-six at sentencing, and the court was within its discretion to conclude that his abusive childhood had little relevance to his criminal conduct.

Finally, Devine claims the trial court should have identified his "depression and past drug use" as mitigating factors. Appellant's Br. p. 4. The trial court found as a mitigating factor that Devine suffered from "a mental health challenge." Tr. p. 108. Devine's history of depression and substance abuse, which were discussed in the presentence report, can be described as mental health challenges. We find no abuse of discretion.

CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

BAKER, J., and RILEY, J., concur.

4