Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 03 2014, 9:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TERESA L. CATALDO**
Cataldo Law Offices, Inc.
Bristol, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| BRANDON J. LUNKIN, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 20A03-1401-CR-46 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-1301-FB-4


**September 3, 2014**


**MEMORANDUM DECISION - NOT FOR PUBLICATION**


**ROBB, Judge**

## Case Summary and Issue

Brandon Lunkin pled guilty to three counts of dealing in cocaine, Class B felonies, and admitted to being an habitual offender. He received an aggregate sentence of forty-four years in the Indiana Department of Correction ("DOC"). Lunkin appeals his sentence, raising only one issue: whether the trial court abused its discretion when it did not find mental illness as a mitigating factor in determining Lunkin's sentence. Concluding the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

On January 8, 2013, the State charged Lunkin with three counts of dealing in cocaine, Class B felonies, and one count of maintaining a common nuisance, a Class D felony. On April 8, 2013, the charges were amended to include an allegation that Lunkin is an habitual offender.

On July 8, 2013, the day Lunkin's jury trial was set to begin, Lunkin pled guilty to three counts of dealing in cocaine and admitted to being an habitual offender. The sentencing hearing was held on January 9, 2014. At the hearing, Lunkin's attorney noted that Lunkin had a seventh grade education, and he requested an evaluation of Lunkin's intellectual capabilities by the DOC after sentencing. Counsel went on to say:

> I am perplexed by the fact that Mr. Lunkin's thought processes, while not incompetent, his thought processes I think need some looking at from the standpoint of synapsis from A to B, C to D, and how his thought processes work. Therefore, I would like a mental health evaluation to be requested in his behalf.

> I'm not saying anything that he's, you know, insane or incompetent or anything like that. But I do believe that there are issues there that may be of a learning disability nature, but they somehow seem to translate into an

inability to perhaps think in a logical fashion. And I would ask that that be
– that that be requested as something that the DOC should look at for him.

Transcript at 10.

Lunkin also gave a fairly lengthy statement to the trial court in which he apologized for his actions; talked about his religious conversion; said that he was not ready to give up on himself; and asked that the court not give up on him either. He stated that he did not understand why he was being punished so harshly when he believed others who have committed crimes did not receive the same treatment. Lunkin also said he felt "coerced and threatened" because his attorney warned him he would be "fully prosecuted" if he proceeded to trial. Id. at 23. After intercession by the trial court, Lunkin clarified that his guilty plea was not coerced and that he "just wanted to say I'm sorry." Id. at 26. The trial court then noted: "[Your attorney] says there are some comprehension problems maybe. I've listened to you talk, and I've watched you while you were talking. I don't think there's a lot of comprehension problems. You were fairly eloquent when you were talking with me . . . ." Id. at 28. The trial court then asked whether Lunkin understood that it was against the law to sell cocaine, to which Lunkin replied that he understood.

The trial court found a number of aggravators, including Lunkin's criminal history, four past failures to appear, five prior probation violations, and that Lunkin was on probation when he committed his offenses. The mitigators included Lunkin's statement at the hearing, statements by counsel, Lunkin's acceptance of responsibility, and his addiction issues. The trial court concluded the aggravators far outweighed the mitigators. It sentenced Lunkin to twenty years for each count of dealing in cocaine, each to be served

concurrently, plus an additional twenty-four years for his habitual offender enhancement. Thus, Lunkin received an aggregate sentence of forty-four years imprisonment. This appeal followed.

## Discussion and Decision

### I. Standard of Review

"[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances. Id. The trial court may abuse its discretion in sentencing by:

> (1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law.

Kimbrough v. State, 979 N.E.2d 625, 628 (Ind. 2012) (citing Anglemyer, 868 N.E.2d at 490-91).

### II. Omission of a Mitigating Factor

Lunkin contends the trial court abused its discretion by failing to consider a proper mitigating factor—namely, mental illness suffered by Lunkin. Where a defendant alleges the trial court failed to find a mitigating factor, it is the defendant's burden to establish that the mitigating evidence is both significant and clearly supported by the record. Anglemyer, 868 N.E.2d at 493. Lunkin has not met that burden here.

So far as the record shows, the only hint as to potential mental illness suffered by Lunkin is in his counsel's argument at the sentencing hearing and request for a mental health evaluation by the DOC after sentencing. No evidence whatsoever was presented at the hearing that Lunkin suffers from, or has previously suffered from, any identifiable mental illness. Further, as the State points out, Lunkin outright pled guilty to the charges against him—he did not enter a plea of guilty but mentally ill. See Ind. Code § 35-36-2-5. Moreover, the trial court noted that it observed Lunkin and concluded that he did not have any trouble comprehending the proceedings, and the trial court even went so far as to describe Lunkin as "eloquent" in his statement to the trial court at the sentencing hearing. Tr. at 28. In sum, we cannot conclude the trial court abused its discretion by neglecting to find mental illness as a mitigating factor.[1]

### Conclusion

Concluding the trial court did not abuse its discretion in sentencing Lunkin, we affirm.

Affirmed.

BAKER, J., and KIRSCH, J., concur.

---

[1] Lunkin also asserts the trial court abused its discretion by failing to explicitly consider the factors set forth by our supreme court in Weeks v. State, 697 N.E.2d 28, 30 (Ind. 1998), which are used to determine what mitigating weight should be given to a defendant's mental illness. However, a finding that mental illness exists is a necessary prerequisite to consideration of the Weeks factors. Here, there was no finding that Lunkin suffers from mental illness, nor does the record contain evidence to support such a finding. Therefore, the trial court did not abuse its discretion by not considering the factors set out in Weeks.