**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**STEPHEN P. MURPHY**
Law Offices of Stephen Murphy, LLC
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JETON HALL, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 82A05-1402-CR-90 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable David D. Kiely, Judge
Cause No. 82C01-1203-FA-420

**December 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Jeton A. Hall ("Hall") challenges his aggregate forty-year sentence for Burglary as a Class A felony,[1] Criminal Confinement, as a Class B felony,[2] and Theft, a Class D felony.[3] He presents the sole issue of whether the sentence is inappropriate. We affirm.

**Facts and Procedural History**

On February 19, 2012, Ira Beumer ("Beumer") returned home and was confronted by five armed and masked men. Hall was one of those men. Beumer was taken inside his residence and confined while his home was being burglarized. After some time, the burglars left in their vehicle and Beumer went to his vehicle and gave chase. Ultimately, Beumer crashed his vehicle into the vehicle carrying Hall and his confederates. One of the passengers was killed and Hall was critically injured.

The State charged Hall with Burglary, Criminal Confinement, and Theft. He pled guilty to each of the charges and was sentenced to forty years imprisonment. This appeal ensued.

**Discussion and Decision**

Upon conviction of a Class A felony, Hall was subject to a sentence of between twenty years and fifty years, with thirty years as the advisory term. I.C. § 35-50-2-4. Upon conviction of a Class B felony, Hall was subject to a sentence of between six years and twenty years, with ten years as the advisory term. I.C. § 35-50-2-5. Upon conviction of a

---

[1] Ind. Code § 35-43-2-1. This offense is now a Level 1 felony. We refer to the version of the statute in effect at the time of Hall's crimes.

[2] I.C. § 35-42-3-3. The offense is now a Level 3 felony.

[3] I.C. § 35-43-4-2. The offense is now a Level 6 felony or a Class A misdemeanor.

2

Class D felony, Hall was subject to a sentence of between six months and three years, with one and one-half years as the advisory term. I.C. § 35-50-2-7.[4] Hall received concurrent sentences of forty years, fifteen years, and two years, respectively. As such, Hall received an aggregate sentence ten years above the advisory sentence for a Class A felony. When imposing this sentence, the trial court found Hall's criminal history and his violation of probation to be aggravators. The trial court also recognized that there was evidence of mitigating circumstances; specifically, that Hall had pled guilty, that he had been a positive influence on his children's lives, and that he had suffered traumatic brain injury as a result of the collision after the burglary.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. Id. at 1225. A defendant "'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of

---

[4] This statutory provision was modified, effective July 1, 2014, to include the penalty for level 6 felonies.

3

review.'" Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007) (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The nature of Hall's offenses is that he armed himself and participated in a group home invasion. The victim was confined for a period of time, but later gave chase to the fleeing burglars. Ultimately, this resulted in the death of one of Hall's associates. Also as a result of these events, Hall was rendered comatose for several days and sustained traumatic brain injury.

By the age of twenty-two, Hall had a prior felony conviction for Burglary and misdemeanor convictions for Criminal Mischief, Carrying a Concealed Deadly Weapon, and Disorderly Conduct. He was on probation in Kentucky at the time of the instant offenses.

Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not warrant appellate revision.[5] Accordingly, we decline to disturb the sentence imposed by the trial court.

Affirmed.

ROBB, J., concurs.

BROWN, J., concurs in result with opinion.

---

[5] To the extent that Hall argues he should receive a more lenient sentence because he does not expect to receive adequate care for a traumatic brain injury in prison, this is not argument bearing upon the nature of the offense or the character of the offender. See Kimbrough v. State, 979 N.E.2d 625, 630 (Ind. 2012) (recognizing that a defendant who argues sentencing error as opposed to arguing the nature of the offense or his character does not raise a claim under Indiana Appellate Rule 7(B)).

# IN THE
# COURT OF APPEALS OF INDIANA

JETON HALL,                              )
                                         )
    Appellant-Defendant,         )
                                         )
        vs.              )    No. 82A05-1402-CR-90
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.          )

**BROWN, Judge, concurring in result**

I concur in the result reached by the majority but do so due to the failure of appellant's

counsel to make a cogent argument under Indiana Appellate Rule 7(B), which the majority

refers to in footnote 5. The entire argument in his brief is one paragraph containing eight

lines which addresses neither the nature of the offense nor the character of the offender, both

of which are required to make a valid argument under Rule 7(B). See Williams v. State, 891

N.E.2d 621, 633 (Ind. Ct. App 2008) (observing that "revision of a sentence under Indiana

Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in

light of *both* the nature of his offenses and his character"). Instead the entire argument refers

to appellant's brain trauma and states:

> In this case, the defendant was borderline mentally handicapped immediately
> prior to the crime and accident. As a result of the accident immediately
> following the crime, the defendant suffered serious trauma including brain
> trauma which required him to under go [sic] rehabilitation for motor skills, for
> his communication skills, and for all other physical matters. On top of the
> trauma inflicted by the accident, the defendant's brain trauma which resulted

5

from the accident was serious as it affects his memory and other cognitive functioning and memory. This is going to require the defendant to undergo therapy on an on-going basis for memory loss and the chance of him getting the proper therapy in prison is remote.

Appellant's Brief at 6 (citations to record omitted). This is wholly inadequate to preserve any error under Ind. App. Rule 7(B) for appellate review.

For this reason, I concur in the result reached by the majority.