## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 16 2015, 6:05 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Scott King
Russell W. Brown, Jr.
Merrillville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eric P. Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 16, 2015

Court of Appeals Case No. 20A05-1410-CR-512

Appeal from the Elkhart Circuit Court.

The Honorable Terry C. Shewmaker, Judge.

Cause No. 20C01-1308-FA-42

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Eric P. Johnson (Johnson), appeals his thirty-year sentence following his conviction of dealing in cocaine, a Class A felony, Ind. Code § 35-48-4-1(a)(2)(C),(b)(1) (2013).

We affirm.

## ISSUES

Johnson raises two issues on appeal, which we restate as follows:

(1) Whether the trial court abused its discretion in sentencing Johnson; and

(2) Whether Johnson's sentence is inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

On July 30, 2013, the Elkhart City Police Department obtained a warrant to search the apartment of Geraldine Jones (Jones) in the course of a narcotics investigation. Just prior to executing the search warrant, a police officer had observed that Johnson repeatedly walked back and forth from Jones' apartment to a beige-colored Cadillac parked out front. Because Johnson's behavior was indicative of street level narcotics sales, a warrant was obtained to search the vehicle. In the vehicle's center console, the officers discovered a clear plastic bag, which contained forty-five separate packages of cocaine having a total weight of 13.2 grams. Johnson subsequently admitted that the cocaine was his,

that he had been selling cocaine out of Jones' home for approximately one and one-half months, and that he provided Jones with cocaine in exchange for allowing him to use her house for his dealing.

[5] On August 2, 2013, the State filed an Information, charging Johnson with one Count of dealing in cocaine, a Class A felony. Four days before his trial was set to begin, on June 26, 2014, Johnson pled guilty without the benefit of a plea agreement, and the trial court entered a judgment of conviction on the Class A felony. On October 2, 2014, the trial court held a sentencing hearing and sentenced Johnson to a term of thirty years, with twenty-three years executed in the Indiana Department of Correction (DOC) and seven years suspended to probation.

[6] Johnson now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Abuse of Sentencing Discretion*

[7] Johnson claims that the trial court abused its sentencing discretion. At the outset, we note that the trial court imposed the advisory sentence of thirty years for a Class A felony, of which seven years was suspended to probation. *See* I.C. § 35-50-2-4 (2013). For a Class A felony, the maximum and minimum sentences are fifty years and twenty years, respectively. *See* I.C. § 35-50-2-4 (2013).

[8] A trial court is vested with broad discretion in matters of sentencing and may impose any sentence authorized by statute. *Anglemyer v. State*, 868 N.E.2d 482,

490, *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Our court reviews a trial court's sentencing decision only for an abuse of discretion. *Id.* It is an abuse of discretion if the trial court's decision is contrary to "the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom." *Williams v. State*, 997 N.E.2d 1154, 1163 (Ind. Ct. App. 2013). We will find an abuse of discretion if the trial court fails to enter a sentencing statement, enters a finding of aggravating and mitigating factors that are unsupported by the record, omits reasons that are clearly supported by the record and are advanced for consideration, or includes reasons that are improper as a matter of law. *Gomillia v. State*, 13 N.E.3d 846, 849 (Ind. 2014).

[9] In its sentencing statement, the trial court identified the following aggravating circumstances: Johnson's criminal history; the fact that Johnson compensated Jones with cocaine; Johnson's history of marijuana use; and Johnson's use of marijuana while released on bond in the instant case. The trial court also found a number of mitigating circumstances, including Johnson's acceptance of responsibility for his criminal conduct; the abundant support of his family and friends; and his relatively young age—twenty-one years old at the commission of his crime. In weighing the aggravating and mitigating factors, the trial court concluded "that they are in balance." (Appellant's App. p. 34).

## A. *Criminal History*

Johnson now contends that the trial court improperly considered his criminal history as an aggravating circumstance.[1] Indiana's sentencing statutes instruct the trial court that it may consider that a "person has a history of criminal or delinquent behavior" as an aggravating circumstance. I.C. § 35-38-1-7.1(a)(2). Accordingly, in rendering its sentence, the trial court found that Johnson's criminal record includes one juvenile gambling offense out of Cook County, Illinois, the disposition of which is unknown. As an adult, Johnson had a pending case in Marshall County, Indiana, for a Class C misdemeanor operating a vehicle without ever having been licensed. Pertaining to the Class C misdemeanor, the pre-sentence investigation (PSI) report indicates that Johnson failed to appear in court on four separate occasions and had an outstanding warrant. However, by the time of the sentencing hearing, Johnson stated that the bench warrant had been withdrawn. The PSI report also references another Cook County case, under which Johnson was charged with obstructing identification, not wearing his seatbelt, driving without a license, and not having a valid registration; the disposition of this case is unknown.

---

[1] Although we will review Johnson's claim to determine whether the trial court relied only upon proper aggravating circumstances, we must mention that because the trial court imposed the advisory—not an aggravated—sentence, our finding of an improper aggravator will not ultimately affect the propriety of the sentence. Johnson apparently suggests that if the trial court relied on improper aggravators, the presence of valid mitigating circumstances would warrant a lesser sentence. We disagree. As the trial court is under no obligation to weigh aggravating and mitigating circumstances, we cannot say that the mitigating circumstances would require imposing less than the advisory sentence. *See Anglemyer*, 868 N.E.2d at 491. Moreover, the fact that the trial court suspended seven years of Johnson's sentence indicates that it accorded some weight to the mitigating circumstances that it identified, and we will not second-guess this decision.

[11] Johnson now asserts that his juvenile referral, arrest record, and failures to appear do "not suffice as proof of a criminal history." (Appellant's Br. p. 6). Johnson relies on *Tunstill v. State*, 568 N.E.2d 539, 544 (Ind. 1991), where our supreme court held that the defendant's three prior arrests did not qualify as "instances of criminal behavior establishing . . . a history" of criminal or delinquent activity. Specifically, the *Tunstill* Court stated,

> In order to enhance a criminal sentence based, in whole or in part, on the defendant's history of criminal activity, a sentencing court must find instances of specific criminal conduct shown by probative evidence to be attributable to the defendant. A bare record of arrest will not suffice to meet this standard.

*Id.* "The substance of the aggravator, 'history of criminal activity,' is the fact that the defendant committed the other crime, not that he was arrested for it." *Id.* Thus, the record must reveal that the defendant was either convicted of or admitted guilt to another crime, or there must be other admissible evidence demonstrating that the defendant committed another offense. *Id.* Here, except to indicate that between the ages of fifteen and twenty-one, Johnson was arrested on several occasions, the PSI report provides no information as to the disposition of those cases. As such, Johnson's arrest record, by itself, is insufficient evidence of a criminal history. *See Vermillion v. State*, 978 N.E.2d 459, 468 (Ind. Ct. App. 2012).

[12] Regardless, we find that any error in the trial court's consideration of Johnson's arrest record as evidence of his criminal history is harmless because a lengthy record of arrest "may reveal that a defendant has not been deterred even after having been subject to the police authority of the State." *Cotto v. State*, 829

N.E.2d 520, 526 (Ind. 2005). Accordingly, Johnson's arrest record may still be considered as an aggravator as part of the trial court's assessment of his character and the risk that he will reoffend. *Vermillion*, 978 N.E.2d at 468. Likewise, the fact that Johnson had a criminal charge pending at the time of sentencing could properly be considered as an aggravating circumstance based on his character and propensity for future criminal conduct. *Tunstill*, 568 N.E.2d at 545. In fact, the trial court found that by failing to appear on a pending criminal matter in Marshall County, Johnson exhibited "contempt for the laws and court proceedings." (Sent. Tr. p. 17). Therefore, we find no abuse of discretion.

[13] Nevertheless, Johnson argues that his juvenile referral for gambling and his pending case in Marshall County for driving without ever having been licensed are unrelated to the present crime of dealing cocaine and, therefore, are inappropriate bases for an aggravating factor. We disagree, instead finding that his argument concerns the weight, rather than validity, of the aggravating factor. Even if Johnson's prior arrests are only marginally relevant to the present offense of dealing in cocaine, the trial court is under no obligation to assign any particular weight to any aggravating or mitigating factor, and we will not interfere with the trial court's sentencing discretion by reweighing the various circumstances. *See Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012).

### B. Cocaine as Compensation

[14] Johnson also contends that there is no evidence to support the trial court's finding as an aggravating circumstance that he compensated Jones with

cocaine. It is well established that the aggravating and mitigating circumstances enumerated in the sentencing statutes "do not limit the matters that the court may consider in determining the sentence." I.C. § 35-38-1-7.1(c). Specifically, at the sentencing hearing, the trial court explained, "You paid your rent with cocaine, which the essence of dealing cocaine is transferring possession. It would appear you transferred possession. That makes you a dealer in cocaine." (Sent. Tr. p. 13). According to Johnson,

> It appears that the trial court was relying upon the probable cause affidavit in support of this finding; however, the probable cause affidavit was never admitted during the change of plea hearing or sentencing hearing. Nor was Mr. Johnson asked about the contents of the probable cause affidavit and whether the representations therein were accurate. Therefore, the probable cause affidavit is not part of the record that the trial court can rely upon in finding aggravating circumstances.

(Appellant's Br. p. 8). Again, we disagree.

[15] When reviewing a sentencing decision, our court will "presume the trial [court] is aware of and knows the law, and considers only evidence properly before the judge in reaching a decision." *Malenchik v. State*, 928 N.E.2d 564, 574 (Ind. 2010). In this case, the trial court considered, in part, the information in the PSI report in determining the existence of aggravating and mitigating factors. *Dillard v. State*, 827 N.E.2d 570, 576 (Ind. Ct. App. 2005), *trans. denied*. The purpose of a PSI investigation and report is "to provide information to the court for use at individualized sentencing." *Id.* Prior to sentencing, the defendant must be afforded an opportunity to examine the PSI report and to challenge any inaccuracies. *Id.*

[16] By statute, the PSI report must contain information concerning "the circumstances attending the commission of the offense." I.C. § 35-38-1-9(b)(1). It may also include any other "matter that the probation officer conducting the investigation believes is relevant to the question of sentence." I.C. § 35-38-1-9(c). In the information related to the "Present Offense," the PSI report stated that "Johnson reported the crack cocaine belonged to him. He stated he had been selling crack cocaine from Ms. Jones' home for a month and a half. He stated he compensated Ms. Jones with cocaine for allowing him to sell from her home." (Appellant's App. p. 53). At the start of the sentencing hearing, Johnson indicated that he had reviewed the PSI report, and with the exception of updating the status of his pending Marshall County case, agreed that the PSI report was accurate. By not raising any factual challenges to the PSI report, Johnson essentially admitted "to the accuracy of the facts contained therein." *Chupp v. State*, 830 N.E.2d 119, 126 n.12 (Ind. Ct. App. 2005). Because the trial court is entitled to accept the PSI report and make a decision based "on the facts recited therein[,]" we find that the trial court did not abuse its discretion by considering Johnson's use of cocaine as compensation to Jones as an aggravating circumstance. *Butrum v. State*, 469 N.E.2d 1174, 1178 (Ind. 1984).

## II. *Appropriateness of the Sentence*

[17] Lastly, Johnson requests that our court exercise its authority to revise his sentence to a term of twenty years, with ten years executed in the DOC and ten years suspended to probation. As already noted, the trial court imposed the advisory sentence of thirty years, with seven years suspended to probation. The

advisory sentence "is the starting point the Legislature selected as an appropriate sentence for the crime committed." *Gomillia*, 13 N.E.3d at 852 (quoting *Anglemyer*, 868 N.E.2d at 494). Even though the trial court imposed a sentence that is permissible under Indiana's sentencing statutes, we may revise the sentence if we "find[] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Notwithstanding our power to review and revise sentences, we are mindful of the deference owed to the trial court based on its unique perspective in matters of sentencing. *Williams*, 997 N.E.2d at 1165.

[18] As our supreme court has explained, "'reasonable minds may differ' on the appropriateness of a sentence based on 'our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case.'" *Parks v. State*, 22 N.E.3d 552, 555 (Ind. 2014) (quoting *Buchanan v. State*, 767 N.E.2d 967, 970 (Ind. 2002)). Thus, in an Appellate Rule 7(B) review, our role is to seek "to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Johnson bears the burden of persuading this court that his sentence has satisfied the "inappropriateness standard of review." *Kimbrough*, 979 N.E.2d at 630.

[19] Regarding the nature of the offense, Johnson posits that "[t]here are no facts in the record that would indicate the nature of the crime was anything more than

just a run of the mill dealing in cocaine." (Appellant's Br. p. 9). However, the record reveals that Johnson was found in possession of 13.2 grams of cocaine, packaged in forty-five individual bags. Possession of cocaine in an amount that exceeds three grams elevates the charge from a Class B felony to a Class A felony. I.C. § 35-48-4-1(b)(1) (2013). Johnson possessed more than four times the amount necessary to satisfy the enhancement. Furthermore, Johnson had been using Jones' apartment to conduct his drug business, and he compensated her with cocaine. Although Johnson argues that "[t]here were no weapons or children present[,]" the State stated at the sentencing hearing that Johnson's "run of the mill" operation was located less than 1,000 feet from a public park. (Appellant's Br. p. 9). Finally, we are unpersuaded by Johnson's assertion that he "took full responsibility for his actions." (Appellant's Br. p. 9). Nearly a full year passed between Johnson's arrest and guilty plea, and he waited until four days prior to the trial before changing his plea.

[20] As to the character of the offender, the record establishes that Johnson has a tenth grade education; he lives with his mother; and even before his arrest, his employment history was sporadic at best. Johnson also has a young daughter, of whom he does not have custody, and is required to pay $55 per week in child support. Despite Johnson's comments to law enforcement that he generates a $200 profit by selling an "eight ball" of cocaine, at the time of sentencing, Johnson was approximately $1,500 in arrears in his child support obligation. (Sent. Tr. p. 9). Moreover, Johnson has continually displayed his disregard for the court's authority and the laws of this State. Not only did he fail to appear

on four separate occasions, he admittedly smoked marijuana while he was released on bond for a serious drug charge. Johnson attempted to justify his marijuana use based on the stress he experienced as a result of his criminal proceedings, but as the trial court aptly remarked, Johnson created his own stress; nobody forced him to sell cocaine and then "make the situation worse by doing another illegal act." (Sent. Tr. p. 17). Rather than taking advantage of his youth and minimal criminal history to pursue an education or meaningful employment in order to provide a better life for his daughter, Johnson chose to pursue a criminal lifestyle. Under these circumstances, we cannot conclude that the advisory sentence was inappropriate.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion because it found valid aggravating circumstances and imposed a sentence authorized by statute. We further conclude that Johnson's sentence is appropriate in light of the nature of the offense and his character.

Affirmed.

Bailey, J. and Barnes, J. concur