## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 20 2019, 5:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Rodney T. Sarkovics
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dominic Jorman, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 20, 2019 <br><br> Court of Appeals Case No. 18A-CR-2897 <br><br> Appeal from the Hamilton Circuit Court <br><br> The Honorable Paul A. Felix, Judge <br><br> Trial Court Cause No. 29C01-1802-F3-1027 |

**Mathias, Judge.**

[1]     Dominic Jorman, Jr. ("Jorman") was convicted in Hamilton Circuit Court of Level 5 felony promoting prostitution. Jorman now appeals, arguing that the

trial court abused its sentencing discretion in finding certain aggravating factors and that his aggregate sentence of ten years is inappropriate in light of the nature of his offense and his character.

[2] We affirm.

## Facts and Procedural History

[3] On February 7, 2018, Fishers Police Department Sergeant Greg Weesner ("Sergeant Weesner") checked on a suspicious vehicle parked at a hotel parking lot. Jorman was inside the vehicle along with co-defendant, Amanda Ingle ("Ingle"). Sergeant Weesner observed marijuana in the center console of Jorman's car and asked him to step out of the car. Jorman refused to exit the car. Officer Seth Goldstein ("Officer Goldstein") also responded to the parking lot. When Officer Goldstein arrived, Ingle had exited the vehicle, but Jorman and Sergeant Weesner were engaged in a "scuffle." Tr. p. 29. Officer Goldstein entered the rear driver's side of the car and directed Jorman to place his hands on the top of his head. Jorman refused to comply and reached toward his waistband as if he was reaching for a weapon. Officer Goldstein and Sergeant Weesner attempted to handcuff Jorman, but they required the assistance of a third officer to subdue Jorman. Jorman was eventually handcuffed and placed under arrest.

[4] During a subsequent search of Jorman's car, officers located an iPhone that contained text messages consistent with prostitution such as, "I'm just wanting a good no condomn [sic] blow," "May I ask how much is your rates," "Give

me 45 min what motel," and "Want a load on that face?" Ex. Vol., State's Exhibit 1. Notebooks and handwritten notes with names, phone numbers, prices, and times were discovered in the car as well. A search of Jorman's person recovered $675 in cash and a black digital scale. Ingle confirmed to the officers that Jorman was a "pimp" and a drug dealer. Appellants App. p. 21. Officers secured a search warrant for the hotel room where Jorman and Ingle were staying and found forty-seven tablets of Xanax, one gram of cocaine, two grams of methamphetamine, three individually packaged bags of marijuana, copper wire mesh, a box of sandwich-sized Ziploc bags, and six hypodermic syringes.

[5] Further examination of Jorman's phone established that at least seven women worked as prostitutes for Jorman. Officers interviewed one of the women, and she admitted she had been working as a prostitute for Jorman for approximately one month. The woman explained that Jorman would create advertisements for the women on a website called backpage.com. The post on the website would attract clients, and after the completion of the sexual activity, Jorman would come to the hotel room and collect between half and all of the money paid to the women. In return, Jorman provided the women working for him with a new syringe and a small amount of either heroin or methamphetamine each day.

[6] On February 8, 2018, the State charged Jorman with dealing in a Schedule IV controlled substance, a Level 3 felony; dealing in a Schedule IV controlled substance, a Level 4 felony; possession of cocaine, a Level 5 felony; promoting prostitution, a Level 5 felony; possession of methamphetamine, a Level 5

felony; possession of a controlled substance, a Level 6 felony; dealing marijuana, a Level 6 felony; possession of methamphetamine, a Level 6 felony; possession of a controlled substance, a Class A misdemeanor; dealing marijuana, a Class A misdemeanor; resisting law enforcement, a Class A misdemeanor; possession of marijuana, a Class B misdemeanor; and possession of paraphernalia, a Class C misdemeanor. On April 13, 2018, the State filed an habitual offender enhancement against Jorman.

[7] On October 18, 2018, under a plea agreement, Jorman pleaded guilty to the promoting prostitution count, a Level 5 felony, and admitted to the habitual offender count. As part of the plea agreement between Jorman and the State, the remaining charges were dismissed and the sentence to be imposed was to be determined by the trial court. A sentencing hearing was held on November 15, 2018. The trial court sentenced Jorman to five years on the promoting prostitution count. Jorman's sentence was enhanced by five years due to the habitual offender enhancement, for an aggregate sentence of ten years executed at the Department of Correction ("DOC"). Jorman now appeals.

## I. Sentencing

[8] Jorman claims that the trial court abused its discretion in sentencing him. Generally speaking, sentencing decisions are left to the sound discretion of the trial court, and we review the trial court's decision only for an abuse of this discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial

court. *Id.* The trial court may abuse its sentencing discretion in a number of ways, including: (1) wholly failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law. *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012) (citing *Anglemyer*, 868 N.E.2d at 490–91). The weight or value assigned to reasons properly found is not subject to an abuse of discretion review. *Id.*

[9] Jorman contends that the trial court abused its discretion when it stated reasons that were not supported by the record and were improper as a matter of law. Specifically, Jorman argues that the trial court used the same facts to which he pleaded guilty to then enhance his sentence. We disagree. Pursuant to Indiana Code section 35-38-1-7.1(a)(2), a defendant's criminal history and history of delinquent behavior is a statutory aggravating factor. In 1993, Jorman was adjudicated as a juvenile delinquent. Following that, Jorman was convicted as an adult in 1995, 1998, 2002, 2012, and 2015 for offenses including sexual misconduct with a minor and dealing in cocaine. Jorman was on pre-trial release for charges of dealing in a narcotic, possession of a narcotic, dealing methamphetamine, and possession of methamphetamine when he was arrested for the present offense. Jorman has five felony convictions and two misdemeanor convictions, and when placed on probation in other cases, his probation has been revoked twice. The record supports Jorman's criminal

history as an aggravating factor. Also, in response to Jorman's allocution statement that "the State has tried to make me as some drug dealer or pimp," Tr. p. 47, the trial court responded:

> Whether or not you like the idea that the State is characterizing you as a pimp or not doesn't really concern me. What concerns me is that you were committing the crime of Promoting Prostitution, that which is considered in this state to be a serious offense.

Tr. p. 55.

[10] The trial court's statement does not support Jorman's argument that the trial court used a required element of the crime of promoting prostitution to aggravate his sentence. Rather, the statement reflects the judgment that a Level 5 felony is a serious offense because the General Assembly has defined promoting prostitution as a felony.

[11] Next, Jorman argues that the trial court did not assign mitigating weight to his guilty plea. A trial court cannot abuse its discretion by allegedly failing to assign sufficient weight to a mitigating factor. *Anglemyer*, 868 N.E.2d at 491. Additionally, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility or the defendant receives a substantial benefit in return for the plea. *Anglemyer v. State*, 875 N.E.2d 218, 221 (Ind. 2007), *opinion on reh'g.* In exchange for Jorman's guilty plea, the State dismissed twelve counts, including a Level 3 felony charge. Jorman attempted to blame others, mainly his co-defendant Ingle. Jorman also

minimized his responsibility, demonstrating to the judge that he pleaded guilty because "it was a good deal[.]" Tr. p. 56. Therefore, the trial court's decision not to assign mitigating weight to Jorman's guilty plea was not an abuse of discretion.

[12] Furthermore, even if the trial court had aggravated Jorman's sentence because of the specific nature of the crime, it would not amount to an abuse of discretion. Officers were able to identify at least seven women that were a part of Jorman's prostitution scheme. Jorman "paid" the women with small quantities of illegal drugs daily and took at least half the money the women received for committing acts of prostitution. Jorman's involvement with promoting prostitution of multiple women is an appropriate aggravating factor and adds support to an aggravated sentence.

## II. Inappropriate Sentence

[13] Jorman also argues that his aggregate ten-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Specifically, Jorman argues that his sentence is inappropriate because he expressed remorse to the court, he deeply cares for his mother, and he is artistically talented. Jorman also claims that his sentence is inappropriate because the trial court ordered all ten years to be executed in the DOC when he could have been placed in community corrections because he was approved for work release.

[14] Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize

independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State,* 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer,* 868 N.E.2d at 491). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* Appellate review focuses on the aggregate sentence. *Moyer v. State*, 83 N.E.3d 136, 140 (Ind. Ct. App. 2017), *trans. denied*. This Court does not look to see whether another sentence may be more appropriate; rather, the test is whether the sentence actually imposed is inappropriate. *Id.* Finally, although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State,* 895 N.E.2d 1219, 1225 (Ind. 2008).

[15]    As discussed above, Jorman had at least seven women working for him as prostitutes, and Jorman would take half if not all of the money the women had been paid. When Jorman was arrested, officers found a methamphetamine pipe, cash, and a digital scale on his person. In the hotel room where Jorman was staying, officers found forty-seven tablets of Xanax, one gram of cocaine, two grams of methamphetamine, a plastic bag containing three smaller bags of marijuana, and a box of six hypodermic syringes. Jorman supplied the women

working for him with drugs to keep them under his control and involved in his prostitution scheme.

[16] Concerning the character of the offender, Jorman has been convicted of five felonies and two misdemeanors. A defendant's criminal history is relevant to the consideration of the character of the offender. *Garcia v. State,* 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied*. The significance varies based on gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Jorman's criminal history demonstrates poor character. Many of Jorman's prior offenses include drug-related offenses ranging from possession of cocaine to dealing in cocaine. Jorman's own statement during the pre-sentencing investigation links his prostitution scheme to support his drug habit. Police found large amounts of drugs and paraphernalia on his person and in his hotel room. In addition, Jorman supplied the women who were working for him with drugs on a daily basis. Jorman's past criminal history involved drug-related offenses, and the drug use is closely tied to the current offense.

[17] Jorman has continued to abuse drugs following an opportunity for treatment. Due to his prior convictions for drug-related offenses, Jorman was required to participate in substance abuse evaluation and treatment. Jorman participated in the purposeful incarceration program in the DOC following his 2012 conviction for dealing in cocaine. Despite the numerous opportunities to treat his substance abuse, Jorman continued to abuse illegal drugs, using methamphetamine daily. Jorman continued to supply illegal drugs to multiple women.

[18] For all of these reasons, Jorman has not met his substantial burden of persuading us that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

## Conclusion

[19] The trial court did not abuse its discretion when sentenced Jorman to an aggregate ten-year sentence, executed in the DOC. Jorman's sentence is also not inappropriate, in light of the nature of his offense and his character. Accordingly, we affirm Jorman's sentence in all respects.

Robb, J. and Pyle, J., concur.