## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 13 2015, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Matheny, Hahn, Denman & Nix, L.L.P.
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nicholous L. Finton,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 13, 2015<br><br>Court of Appeals Case No.<br>35A02-1412-CR-840<br><br>Appeal from the Huntington<br>Superior Court<br><br>The Honorable Jeffrey R.<br>Heffelfinger, Judge<br><br>Case No. 35D01-1405-FD-124 |

**Crone, Judge.**

## Case Summary

[1]     Nicholous L. Finton appeals the three-year sentence imposed by the trial court following his conviction for class D felony domestic battery.  Finton contends

that the trial court abused its discretion during sentencing by failing to issue a sufficiently detailed sentencing statement. Finton also contends that his sentence is inappropriate in light of the nature of the offense and his character. Finding no abuse of discretion and concluding that Finton has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

## Facts and Procedural History

[2] On May 10, 2014, Finton, his wife Nichole, and the couple's two children attended a cookout at Finton's mother's house. After the cookout, the couple got into their vehicle to drive back to their apartment. The two children stayed with Finton's mother. During the drive back to their apartment, Finton failed to "stop all the way" at an intersection, causing another vehicle to almost collide with the couple's vehicle. Tr. 78. Finton became angry and began to follow the other vehicle. Nichole pleaded with Finton to "just stop so we [can] just go home. Just please turn the car around and go home." *Id*. at 79. Finton ignored Nichole and followed the other vehicle to a campground and proceeded to share some confrontational words with the occupants of the vehicle. Nichole then said, "Let's just go home and try to have a good night.… Just let them be." *Id*. Finton drove away, but was extremely angry with Nichole, yelling at her that she should just keep her "mouth shut." *Id*. at 80. Finton was especially angry and annoyed because he "wasn't going to have her tell [him] what to do." *Id*. at 118.

[3]     Finton and Nichole argued as he drove toward their home. Nichole eventually got out of the car at a stoplight and walked the rest of the way home, arriving at the apartment at the same time as Finton. Once inside, the couple continued to argue for at least thirty minutes, with Finton walking around and "raging" at Nichole. *Id*. at 81. At one point, Finton grabbed an unopened can of beer from the refrigerator and threw it at Nichole's face. The full can of beer struck Nichole in the right eye causing her pain and injury. Nichole telephoned her brother to come and get her. Finton was so angry at Nichole, the veins were "popping out of his neck." *Id*. at 81-82. He grabbed Nichole by the mouth and squeezed tightly causing pain, and then shoved her away with such force that she fell and hit her head on a windowsill. Nichole gathered some personal items and fled the apartment. She reported the incident to police approximately six hours later.

[4]     The State charged Finton with class D felony domestic battery.[1] Following a trial, the jury found Finton guilty as charged. During sentencing, the trial court specifically noted Finton's juvenile and adult criminal history as well as the fact that he had never "gone through probation one time without it being revoked." *Id*. at 186. The trial court also noted Finton's complete lack of remorse. At the

---

[1] The version of Indiana Code Section 35-42-2-1.3 in effect at the time Finton committed the current offense provided that the crime of domestic battery becomes a class D felony if the person who committed the offense has a previous, unrelated conviction in which the elements of the crime for which the conviction was entered are substantially similar to the elements of domestic battery. The record indicates that Finton was previously convicted of domestic battery against Nichole on March 20, 2012.

conclusion of the hearing, the trial court sentenced Finton to three years'
incarceration.[2]  This appeal ensued.

# Discussion and Decision

## Section 1 – The trial court's sentencing statement is sufficient and does not constitute an abuse of discretion.

[5]     Finton first asserts that the trial court abused its discretion during sentencing. Specifically, Finton asserts that the trial court's sentencing statement is not sufficiently detailed to support the sentence imposed.  Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion.  *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.  An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances.  *Id*. A trial court abuses its discretion during sentencing by: (1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing sentence but the record does not support the reasons, (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration, or (4) considering reasons that are improper as a matter of law.  *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012).  When

---

[2] It is worth noting that the trial court initially sentenced Finton to two years in the Indiana Department of Correction ("DOC") and one year as a direct placement to community corrections.  However, during the sentencing hearing, despite contrary advice from his counsel, Finton made a request to the trial judge that he "get all" of his time in the DOC.  Tr. at 189.  Clearly perplexed, the trial court granted the request and sentenced Finton to three years in the DOC.

reviewing the sufficiency of the sentencing statement, we examine both the trial court's written and oral statements. *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007).

[6] Although the trial court here did not list any aggravating factors in its written sentencing statement, Finton concedes that, in its oral statement, the trial court noted two statutory aggravating factors, namely his history of criminal and delinquent behavior and a recent violation of the conditions of probation. *See* Ind. Code § 35-38-1-7.1(a)(2), -(6). The trial court also specifically noted Finton's complete lack of remorse as well as his prior refusals of all counseling and rehabilitative services offered. Moreover, the court acknowledged and expressed concern for Nichole's safety based upon Finton's history of violence against her. It is clear from the record that the trial court did not accept any of Finton's proffered mitigating circumstances.[3] In our view, the trial court's oral sentencing statement was sufficiently detailed to support the imposition of the three-year sentence. Finton has shown no abuse of discretion.

## Section 2 – Finton has not met his burden to demonstrate that his sentence is inappropriate.

[7] Finton invites this Court to reduce his three-year sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the

---

[3] During sentencing, Finton asserted Nichole's desire for him not to serve any prison time as a mitigating factor.

sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). We recognize that the "principal role of appellate review should be to attempt to leaven the outliers and to identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id*. at 1225. Indeed, "[t]he question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate: rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

[8] The sentencing range for a class D felony is between six months and three years, with the advisory sentence being one and one-half years. Ind. Code § 35-50-2-7. The trial court sentenced Finton to the maximum three-year sentence, which Finton claims is inappropriate based upon the nature of the offense and his character. We disagree.

[9] As to the nature of the offense, the evidence established that Finton committed a battery against his wife for the second time in less than three years. The incident began after Finton embarked on an immature tirade against another motorist, which led to a heated argument with his wife because she tried to

defuse the situation.  In his own words, he "wasn't going to have her tell [him] what to do." Tr. at 118.  Finton flew into a rage and threw an unopened can of beer at his wife's face, causing pain, bruising, and an injury to her eye.  Finton then grabbed Nichole by the jaw and shoved her with such force that she hit her head on a window sill.

[10]    Finton argues that these facts do not justify a maximum sentence because Nichole did not seek medical attention for any injuries and she "delayed" reporting the battery to police.  Appellant's Br. at 9.  We are not persuaded by these arguments.  Lack of severe injury and a mere six-hour time span between the battery and the police report take away nothing from the egregiousness of Finton's behavior.

[11]    As to the character of the offender, Finton has an extensive criminal history which began when he was a juvenile and continued to the present.  This includes several misdemeanors as well as felony convictions for class D felony domestic battery in the presence of a child and two counts of class D felony intimidation.  As noted by the trial court, he has been granted the grace of probation on numerous occasions only to have such probation revoked.  This indicates that Finton does not wish to modify his behavior to conform with the law.  Finton has denied all rehabilitative counseling and services offered and instead has continued to commit acts of violence against his wife.  Under the circumstances, Finton has not met his burden to demonstrate that the three-year sentence imposed by the trial court is inappropriate based upon the nature of

the offense or his character.[4]   Accordingly, we affirm the sentence imposed by the trial court.

[12]   Affirmed.

Brown, J., and Pyle, J., concur.

---

[4] Finton maintains that neither his offense nor his character are "the worst type" for which the maximum sentence should be reserved.  Appellant's Br. at 10.  While we may be able to imagine a worse offense and offender, that is not a relevant inquiry.  *See Buchanan v. State*, 767 N.E.2d 967, 973 (Ind. 2002) (although maximum possible sentences are generally most appropriate for the worst offenders, that is not an invitation to determine whether a worse offender could be imagined; rather, we concentrate on the nature of the particular offense and offender).