## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 11 2016, 6:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Katherine Province
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John W. Kimbrough, III, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | January 11, 2016 <br><br> Court of Appeals Case No. <br> 45A05-1506-PC-687 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Samuel L. Cappas, Judge <br> The Honorable Natalie Bokota, Magistrate <br><br> Trial Court Cause No. <br> 45G04-1312-PC-15 |

**Baker, Judge.**

[1] John Kimbrough, III, appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erroneously determined that Kimbrough did not receive ineffective assistance of appellate counsel. Finding no error, we affirm.

# Facts

## *Underlying Facts*

[2] In January 2009, Kimbrough began dating A.D. (Mother), who introduced Kimbrough to her three children: J.L., a daughter born in 2003; A.D., a daughter born in 2004; and A.D.L., a son who had cerebral palsy. The couple and the children did many things together as a family, and Kimbrough continued to have a relationship with the children even after his romantic relationship with Mother ended in the spring of 2010. In October 2010, Mother noticed that J.L. and A.D. were acting as though they were scared and were hiding something. Eventually, the children told Mother that Kimbrough had touched them inappropriately on multiple occasions. The children revealed that Kimbrough had placed his penis on or in their genitalia and anal areas, had licked and touched their genitalia, and had coerced the children into masturbating him. The molestations occurred on multiple occasions over a time period spanning nearly two years.

[3] On November 5, 2010, the State charged Kimbrough with four counts of class A felony child molestation and two counts of class C felony child molestation. On May 5, 2011, a jury found Kimbrough guilty as charged. Due to double

jeopardy concerns, the trial court entered judgments of conviction only on the four class A felony convictions. On May 3, 2011, the trial court imposed forty-year sentences on each of those four convictions; the court ran the sentences on Counts I and II concurrently, ran the sentences on Counts III and IV concurrently, but ran those two sets of sentences consecutively, resulting in an aggregate sentence of eighty years imprisonment.

### Direct Appeal:  Court of Appeals

[4]     Kimbrough appealed to this Court, raising the following arguments:  (1) there was insufficient evidence to support the convictions; (2) the trial court erred in giving one of the jury instructions; and (3) the trial court abused its discretion when sentencing Kimbrough by failing to give sufficient weight to his lack of a prior criminal history. *Kimbrough v. State*, No. 45A04-1106-CR-328 (Ind. Ct. App. Mar. 21, 2012), *vacated by Kimbrough v. State*, 979 N.E.2d 625 (Ind. 2012). After dispensing with the first two arguments, this Court turned to the sentencing argument. The Court found that the trial court had not abused its discretion because it had found Kimbrough's lack of a prior criminal history to be a mitigating circumstance. The Court went on, however, to hold as follows:

> *Focusing on the appropriateness of the sentence* and not the weight given to individual aggravating or mitigating factors, we find that the trial court abused its discretion. While we acknowledge the existence of the aggravating circumstances, an aggregate sentence of eighty years for a defendant with no criminal history is clearly against the logic and effect of the facts and circumstances before the trial court. Given the existence of this substantial mitigating factor, a sentence of twenty years on Counts I and II, with a

> consecutive sentence of twenty years for Counts I and IV, for an aggregate sentence of forty years is supported by the evidence. We reverse the trial court's sentencing order and remand to the trial court to enter an order imposing the sentence outlined above.

*Id.* at *5 (emphasis added).

[5] Judge Mathias dissented in part from the majority opinion. First, he noted that because the trial court did not abuse its discretion in sentencing Kimbrough, appellate review is limited to Indiana Appellate Rule 7(B). Judge Mathias concluded that "[b]ecause Kimbrough advances no argument under Appellate Rule 7(B) concerning the nature of the offense or his character, I would not reach the issue of the appropriateness of his sentence." *Id.* at *6. Next, Judge Mathias engaged in a Rule 7(B) analysis and concluded that even if we were to consider the aggregate eighty-year sentence in light of the nature of the offenses and Kimbrough's character, the sentence is not inappropriate. *Id.* He therefore parted ways with the majority's decision to revise Kimbrough's sentence downward. *Id.*

### *Direct Appeal: Our Supreme Court*

[6] Kimbrough sought, and our Supreme Court granted, transfer. It summarily affirmed this Court's decision on the first two issues and then addressed sentencing. *Kimbrough*, 979 N.E.2d at 628. First, the *Kimbrough* Court held that the trial court had not abused its discretion because it had, in fact, considered the lack of criminal history to be a mitigator. Our Supreme Court emphasized that a trial court cannot be said to have abused its discretion in the

way in which it weighs aggravators and mitigators. *Id.* at 629. Next, the

*Kimbrough* Court turned to this Court's "appropriateness" analysis:

> This brings us to the Court of Appeals' declaration that it was "focusing on the appropriateness of the sentence." Although not cited by the majority, this language implicates Indiana Appellate Rule (7)(B) which provides "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Even though a trial court may have acted within its lawful discretion in determining a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution "authorize [ ] independent appellate review and revision of a sentence imposed by the trial court." *Buchanan,* 767 N.E.2d at 972. This appellate authority is implemented through Rule (7)(B). First, we agree with Judge Mathias who in dissent noted "a request for sentence revision under Appellate Rule (7)(B) is not truly a claim of sentencing error. Rather, it is a request for [the] court to exercise its constitutional authority to revise a lawfully entered sentence." *Kimbrough,* No. 45A04–1106–CR–328, slip op. at 14 n.3 (citation omitted). Further, and importantly, in his brief before the Court of Appeals Kimbrough did not seek sentencing revision, did not cite to or rely upon Appellate Rule (7)(B) and thus said nothing about the nature of the offenses or his character. As we have declared "a defendant must persuade the appellate court that his or her sentence has met this inappropriateness standard of review." *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006). Here Kimbrough made no attempt to do so. "When a defendant *requests* appellate review and revision of a criminal sentence pursuant to authority derived from Article 7, Sections 4 or 6 of the Indiana Constitution ... the reviewing court is presented with the issue of whether to affirm, reduce, or increase the sentence." *McCullough v. State,* 900 N.E.2d 745, 750 (Ind. 2009) (emphasis added). Kimbrough made no such request and therefore there was no issue in this regard to be considered by a reviewing court.

In summary, because the trial court correctly entered its sentencing statement in compliance with the dictates of *Anglemyer* and because the "appropriateness" of a sentence has no bearing on whether a sentence is erroneous, the trial court did not abuse its discretion in imposing Kimbrough's sentence. Further, Kimbrough did not seek review and revision of his sentence under Indiana Appellate Rule (7)(B).

*Id.* at 629-30 (internal citations omitted). Finally, our Supreme Court "note[d] in passing that in his dissent Judge Mathias also observed that Kimbrough advanced no argument under Appellate Rule 7(B) and thus he would not have reached the issue of the appropriateness of Kimbrough's sentence. Nonetheless, Judge Mathias undertook a thorough analysis of the nature of Kimbrough's offenses and his character and concluded that Kimbrough's sentence was not inappropriate." *Id.* at 630 n.1.

### Post-Conviction Relief

On December 17, 2013, Kimbrough filed a pro se petition for post-conviction relief, and on September 29, 2014, he filed an amended petition by counsel. Kimbrough's sole argument is that he received the ineffective assistance of appellate counsel based on counsel's failure to include a Rule 7(B) argument in his direct appeal. Following an evidentiary hearing, the post-conviction court denied Kimbrough's petition on May 29, 2015. In relevant part, the post-conviction court found and concluded as follows:

7.    . . . The Appellate Judges who comprised the majority on direct appeal did not undertake an App. R. 7(B) analysis of Kimbrough's sentence. They did not assess the nature of

the offense or the character of the offender, but Judge Mathias did in his dissenting opinion. Therefore, the only appellate judge who undertook an App. R. 7(B) analysis determined that the sentence was not inappropriate. We conclude from this that if Appellate Counsel had raised a claim under App. R. 7(B), a majority of the reviewing judges would reach the same conclusion Judge Mathias reached and hold that the sentence was not inappropriate.

***

9. We conclude that Kimbrough was not prejudiced by Appellate Counsel's failure to raise a 7(B) claim on direct appeal because to have done so would not have gained Kimbrough a revised sentence.

Appellant's App. p. 80-81. Kimbrough now appeals.

# Discussion and Decision

# I. Standard of Review

[8] The general rules regarding the review of a ruling on a petition for post-conviction relief are well established:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v.*

*State*, 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben–Yisrayl v. State*, 729 N.E.2d 102, 106 (Ind. 2000) (quotation omitted).

*Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014).

[9] Kimbrough's sole argument on appeal is that the post-conviction court erroneously determined that he did not receive the ineffective assistance of appellate counsel. To establish ineffective assistance of appellate counsel, the petitioner must show that (1) appellate counsel was deficient in his or her performance, *and* (2) the deficiency resulted in prejudice. *Id.* at 269. Failure to satisfy either prong will cause the claim to fail. *Henley v. State*, 881 N.E.2d 639, 644 (Ind. 2008). To satisfy the second prong, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

## II. Assistance of Appellate Counsel

[10] Kimbrough argues that his appellate counsel's failure to challenge his sentence on Rule 7(B) grounds resulted in prejudice. In making this argument, he relies on this Court's opinion that was ultimately overturned. Kimbrough reasons that because this Court revised his sentence downward on 7(B) grounds, and

our Supreme Court overturned that decision only because the argument was not raised, that he was necessarily prejudiced by its omission. We cannot agree.

[11] Initially, we note that this Court did not have the benefit of argument or analysis on the Rule 7(B) issue from the State. We now have the benefit of that argument and analysis, and as explored below, are persuaded that this Court would have reached a different result had the issue been fully briefed. Furthermore, we echo the reasoning of the post-conviction court, which emphasized that the *Kimbrough* majority did not engage in any sort of Rule 7(B) analysis. Instead, only Judge Mathias did so, and—as emphasized by our Supreme Court—he "undertook a thorough analysis of the nature of Kimbrough's offenses and his character and concluded that Kimbrough's sentence was not inappropriate." *Kimbrough*, 979 N.E.2d at 630.

[12] Following in Judge Mathias's footsteps, and with the benefit of full briefing on the issue, we now consider whether Kimbrough's sentence was inappropriate. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[13] Kimbrough was convicted of four class A felonies. For each conviction, he faced a term of twenty to fifty years, with an advisory term of thirty years. Ind. Code § 35-50-2-4.[1] The trial court imposed a term of forty years imprisonment for each conviction—ten greater than the advisory term but ten less than the maximum. It ran two of the terms consecutively, as has been found appropriate when there are multiple victims. *See Serino v. State*, 798 N.E.2d 852, 857 (Ind. 2003) (holding that "when the perpetrator commits the same offense against two victims, enhanced and consecutive sentences seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person").

[14] As for the nature of the offenses, Kimbrough repeatedly molested two very young victims—seven-year-old J.L. and five-year-old A.D. The molestations occurred on multiple occasions and over a time period spanning nearly two years. Kimbrough continued to molest A.D. after she asked him to stop and he instructed her not to tell anyone. Moreover, in molesting the girls, Kimbrough violated a position of significant trust. The couple and the children did many things together as a family, and he routinely drove the girls to school and helped them with their homework. Finally, at sentencing, Kimbrough expressed no remorse for his actions, instead casting himself as the victim and blaming the girls' parents for his involvement in the girls' lives.

---

[1] We apply the version of the sentencing statutes in place at the time Kimbrough committed the offenses.

[15] As for Kimbrough's character, we certainly note his lack of a prior criminal history, as did the trial court. As noted by Judge Mathias, however, "Kimbrough's abuse of his position of trust with respect to J.L. and A.D. reflects very negatively on his character." *Kimbrough*, No. 45A04-1106-CR-328, *9. Furthermore, at the time of sentencing in this matter, there was an active warrant for Kimbrough's arrest for failure to appear on a driving while suspended charge, and he was also facing charges of class B felony criminal confinement, class C felony intimidation, class D felony criminal confinement, and class D felony residential entry. Kimbrough had also violated the terms of his pretrial release granted by another court in a separate case. We hasten to emphasize that Kimbrough was only in his mid-twenties. It is therefore apparent that, while he had no prior convictions, he had not been leading a law-abiding life since becoming an adult a few short years before the molestations.

[16] Given this evidence concerning Kimbrough's character, combined with the evidence regarding the nature of the offenses—including the presence of multiple victims, their young ages, the ongoing nature of his crimes, and his abuse of a position of trust—we are persuaded that if the *Kimbrough* majority had engaged in a full Rule 7(B) analysis with the benefit of argument and analysis from the State, it would not have found Kimbrough's sentence inappropriate. In other words, Kimbrough has not established that there is a reasonable probability that, if appellate counsel had made a Rule 7(B) challenge, the result of the proceeding would have been different. Therefore, he has failed to establish prejudice as a result of the omission of this argument in

his direct appeal. The post-conviction court did not err by denying Kimbrough's petition for post-conviction relief.

[17] The judgment of the post-conviction court is affirmed.

Bradford, J., and Pyle, J., concur.