## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 30 2020, 8:16 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Catherine E. Brizzi
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas W. Farr,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 30, 2020

Court of Appeals Case No.
20A-CR-645

Appeal from the St. Joseph Superior Court

The Honorable John E. Broden, Judge

The Honorable André B. Gammage, Magistrate

Trial Court Cause No.
71C01-1610-FC-11

**Bailey, Judge.**

# Case Summary

[1] Thomas Farr ("Farr") appeals the sentence imposed upon his plea of guilty to Non-Support of a Dependent Child, as a Class C felony.[1] He presents the sole issue of whether his six-year sentence, with three years suspended to probation, is inappropriate. We affirm.

# Facts and Procedural History

[2] In 2002, Farr was court-ordered to pay $149.00 weekly as support for his then four-year-old child. He was also ordered to contribute to his child's medical and educational expenses. In 2008, when Farr owed more than $30,000.00, he was found in contempt of court and given a suspended sentence of 120 days incarceration. In 2014, Farr was again found to be in contempt of court and received another suspended sentence. By March 27, 2016, when Farr's child became eighteen, Farr had paid $50,761.00 and owed $56,011.00.

[3] On October 3, 2016, the State of Indiana filed two charges against Farr. In Count 1, the State alleged that Farr had knowingly failed to pay more than $15,000.00 in child support due between July 29, 2002 and June 30, 2004. In

---

[1] Ind. Code § 35-46-1-5.

Count 2, the State alleged that Farr had knowingly failed to pay child support due between July 2, 2014 and March 27, 2016.[2]

[4] Farr, who had relocated to Tennessee, was arrested in Georgia in 2019. On January 8, 2020, Farr appeared at a hearing, provided a factual basis for the charges, and pled guilty as charged without the benefit of a plea agreement. At the conclusion of a sentencing hearing conducted on March 4, 2020, the trial court entered a judgment of conviction only upon the Class C felony count. Finding the amount owed and Farr's criminal history to be aggravating factors, the trial court sentenced Farr to six years imprisonment, with three years suspended to probation. He now appeals.

# Discussion and Decision

[5] Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by a trial court. *Sanders v. State*, 71 N.E.3d 839, 843 (Ind. Ct. App. 2017), *trans. denied*. This appellate authority is embodied in Indiana Appellate Rule 7(B). *Id*. Under 7(B), the appellant must demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. *Id.* (citing Ind. Appellate Rule 7(B)). In

---

[2] The bifurcation of charges tracked a statutory change in the classification of the offense. Prior to July 1, 2014, the offense of failure to provide child support in an amount of $15,000.00 or more was classified as a Class C felony; thereafter, it was classified as a Level 6 felony. Indiana Code Section 35-46-1-5 now provides in relevant part: "A person who knowingly or intentionally fails to provide support to the person's dependent child commits nonsupport of a child, a Level 6 felony."

these instances, deference to the trial courts "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[6] The Indiana Supreme Court has explained that the principal role of appellate review is an attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

[7] A defendant convicted of a Class C felony is subject to a sentencing range of two to eight years, with an advisory sentence of four years. I.C. § 35-50-2-6. Farr received a sentence of two years above the advisory, but with three years suspended to probation. He contends that the nature of the offense and his character do not support his sentence. In particular, he emphasizes that he did not commit a crime of violence, he had paid some child support, he had pled guilty, and he has regularly been gainfully employed.

[8] Looking to the nature of the offense, Farr did not commit a crime of violence by failing to pay child support. That said, he was not sentenced for a violent crime. Farr, a construction worker by trade, was afforded leniency on multiple occasions, but he did not satisfy his obligation. Ultimately, he owed a child

support arrearage of $56,011.00, significantly more than that necessary to commit the offense of non-support, as a Class C felony.

[9] Next, we consider the defendant's character. Farr pled guilty and, in general, a decision to plead guilty reflects favorably upon a defendant's character. *See Lopez v. State*, 869 N.E.2d 1254, 1259 (Ind. Ct. App. 2007) (observing that a defendant's guilty plea reflects positively on character although it may not be a significant mitigating factor), *trans. denied*. Here, given the mathematical accounting of Farr's child support history, his decision to plead guilty may well be considered a pragmatic one.

[10] Farr has a history of employment, but he also has a history of substance abuse and related criminal history. In 1998, Farr was convicted of a misdemeanor offense of Driving While Intoxicated. In 2003, he was convicted of Driving with a Blood Alcohol Content of 0.15 or greater, as a misdemeanor offense. Also in 2003, he was convicted of Driving with a Blood Alcohol Content of 0.15 or greater, as a Class D felony. Farr points out that the offenses are remote in time and argues "the weight should be insignificant." Appellant's Brief at 10. However, we conduct an independent review and the weight or value accorded by the trial court to reasons properly found is not subject to appellate review. *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012) (citing *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. Moreover, when he was charged in this case, Farr was subject to a previously suspended sentence for his failure to pay child support.

Farr has not presented compelling evidence that portrays in a positive light the nature of the offense or his character. Absent such evidence, we are unpersuaded that his sentence is inappropriate.[3]

# Conclusion

Farr's sentence of six years, with three years suspended to probation, is not inappropriate.

Affirmed.

Vaidik, J., and Weissmann, J., concur.

---

[3] Farr also asserts, without developing a corresponding argument, that he should have been placed in a community corrections program. "[P]lacement in a community corrections program is an alternative to commitment to the Department of Correction and made at the sole discretion of the trial court … a defendant is not entitled to serve his sentence in a community corrections program but, as with probation, placement in the program is a 'matter of grace' and a 'conditional liberty that is a favor, not a right.'" *Million v. State*, 646 N.E.2d 998, 1001-02 (Ind. Ct. App. 1995).